IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MALONE, JR., #292690, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-328-MHT-JTA |
| ) | [WO] |
| WARDEN CARGALE, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 13, 2021, the Court directed General Counsel for the Alabama Department of Corrections to provide the last known home or employment addresses—for several unserved defendants including Sergeant Bowman, identified by Plaintiff as a correctional officer at the Staton Correctional Facility at the time relevant to the allegations presented in the Complaint and amendment. (*See* Doc. No. 32.)  In her response filed December 23, 2021, General Counsel stated that after making a reasonable inquiry, she was not able to locate a "Sergeant Bowman" employed at Staton at the time relevant to the allegations in the Complaint and amendment. (Doc. No. 34, Sealed.)

On January 5, 2022, the undersigned entered an Order informing Plaintiff of the results of General Counsel's inquiry and directing him to furnish the Clerk of Court with the correct address or correct identity for Defendant Bowman. (Doc. No. 35.)  The January 5 Order also informed Plaintiff the Court would not continue to monitor this case to ensure that the defendants he wished to sue had been served and advised him his failure to comply with the January 5 Order would result in Defendant Bowman not being served and not

being a party to this cause of action. *Id.* In response to the January 5, 2022, Order, Plaintiff filed a document on January 13, 2022, which the Clerk docketed as a notice, wherein Plaintiff states he "will not use [his] resources or currency to locate Sergeant Bowman." (Doc. No. 40 at 1.) Upon review of Plaintiff's notice, which the court construes to be a motion to dismiss Defendant Bowman, the undersigned concludes the motion should be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.   Plaintiff's Motion to Dismiss Defendant Bowman (Doc. No. 40) be GRANTED.

2.   Defendant Bowman be DISMISSED as a party to the Complaint.

3.   This case with respect to the remaining defendants be referred to the undersigned for further proceedings.

It is ORDERED that **by February 23, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 8th day of February, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE